IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA ESPINOZA, on behalf of herself and all other persons similarly situated known and unknown,<br><br>      Plaintiff,<br><br>  v.<br><br>MCDONALD'S 83 LLC, n/k/a SORD Enterprises LLC, and STEPHEN THOMAS RECKLEY,<br><br>      Defendants. | Case No. 10 C 6477<br><br>Hon. Morton Denlow |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT[1]**

Plaintiff, through her respective counsel, move for final approval by the Court of the Parties' General Agreement. In support of her Motion, Plaintiff states as follows:

1. On October 8, 2010, Plaintiff filed a claim for unpaid overtime and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). Dkt. No. 1.

2. On May 23, 2011, Plaintiff and Defendants participated in a settlement conference before the Court. During that settlement conference, the parties agreed to settle this matter, and agreed to send Notice to similarly-situated employees of Defendants so that those employees may elect to participate in the settlement pursuant to 29 U.S.C. §216(b). The Court granted preliminary approval of that General Agreement and approved the issuance of Notice on October 12, 2011. Dkt. No. 48.

---

[1] Plaintiff emailed this Motion to Defendants in effort to obtain their agreement prior to filing. Defendants' counsel stated that he was unable to communicate with Defendants prior to filing but did not intend to object to the Motion.

1

3. On November 4, 2011, Plaintiff issued Notice via United States Mail to 58 potential claimants. Those persons were provided 45 days notice of their right to opt into the proposed settlement class by a date certain, or thereafter be excluded from the settlement.

4. The opt in date now having passed, Plaintiff now asks this Court to approve the settlement which is a resolution of *bona fide* dispute between the parties and to dismiss the lawsuit with prejudice while retaining jurisdiction to enforce the terms of the settlement.

5. A list of participating claimants, as well as their Consents to Participate and Releases in the lawsuit are attached hereto as Exhibits A and B, respectively.

6. The amounts to be distributed to the participating claimants who timely executed Consents to Participate and Releases are listed in Exhibit A. Plaintiff submits to the Court that these amounts fairly reflect amounts of unpaid overtime allegedly owed to persons who opted into the settlement. Exhibit A lists all individuals who received notice and who timely executed Consents to Participate and Releases.

7. This Court has jurisdiction over the subject matter of this action and over all parties to these actions pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including all participating claimants who have timely executed Consents to Participate and Releases and whose claims are being settled as identified in Exhibit A and B to this motion.

8. The three step fairness process for settling Rule 23 class actions (see *Amchem Prods., Inc. v. Windsor*, 1175 S.Ct. 2231 (1997)), does not apply to FLSA collective actions and the parties to a FLSA settlement are not required to "certify" a "settlement class." *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). This is so because the procedures for certifying a § 216(b) FLSA collective action are different from

2

the requirements for certifying a class action under Rule 23 of the Federal Rules of Civil Procedure *LaChapelle v. Owens Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (Rule 23 and §216(b) actions are "mutually exclusive and irreconcilable); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir.1996); *Bayles v. American Med.Response of Colo., Inc.*, 950 F. Supp. 1053, 1067 (D. Colo. 1996)("Despite the unpredictability of an ad hoc approach, I see no basis to conclude that the paradigm of Rule 23 can be engrafted upon § 216(b).")

FLSA settlements do not implicate the same due process concerns as Rule 23 settlements because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

9. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. See, *Lynn's Food Stores*, 679 F.2d at 1353 n.8 & 1354. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* at 1354.

11. The Court has already preliminarily approved the General Agreement. Dkt. No. 48. Nevertheless, Plaintiff now asks the Court pursuant to the General Agreement to again conclude that the General Agreement is a resolution of a *bona fide* dispute between the parties.

12. Plaintiff asks this Court to approve the payment of the sums listed on Exhibit A attached hereto to all individuals who timely executed Consents to Participate and Releases in this action, in full and final settlement of all claims and causes of action which said individuals

3

may have against Defendants. Only those individuals who have elected to participate in the General Agreement through the execution of a Consent to Participate and Release shall be bound by this Settlement.

13. Plaintiff also requests this Court to approve the payment of the sum of $35,000.00 to counsel for the payment of costs, expenses and reasonable attorneys' fees incurred in the prosecution and resolution of this litigation, in full compromise and satisfaction of any and all claims for costs and attorneys' fees incurred by Plaintiff's counsel as specified in the General Agreement.

14. Plaintiff finally requests this Court, in accordance with the terms of the General Agreement, to dismiss all claims and actions of all of the persons who timely executed Consents to Participate and Releases in this action, conditioned upon their receipt of the sums required to be paid to them and their attorneys by Defendants, barring and permanently enjoining them from prosecuting, commencing or continuing any claims and causes of action of any kind, nature and character whosever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against McDonald's 83 LLC, SORD Enterprises, LLC, Stephen Thomas Reckley, their shareholders, officers, directors, agents, employees arising out of, related to, connected with, or based in whole or in part to any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this action.

15. Plaintiff also asks this Court to retain jurisdiction over this action and the parties to enforce the terms of the General Agreement and individual releases and any Order of this Court implementing and approving such settlement.

WHEREFORE, Plaintiff respectfully requests that this Court enter the Order attached hereto as Exhibit C, approving the settlement of this action according to the terms of the General Agreement and dismissing the claims of those individuals who executed Consents to Participate and Releases in their entirety, all matters having been settled between the parties.

Dated: January 13, 2012

> s/ Douglas M. Werman
> DOUGLAS M. WERMAN (dwerman@flsalaw.com)
> MAUREEN A. SALAS (msalas@flsalaw.com)
> DAVID E. STEVENS (dstevens@flsalaw.com)
> Werman Law Office, P.C.
> 77 West Washington Street, Suite 1402
> Chicago, Illinois 60602
> (312) 419-1008
>
> Attorneys for the Plaintiff